IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Docket Numbers: |
| | ) | |
| Plaintiff, | ) | Case No. 58 CV 1158 |
| v. | ) | Case No. 58 CV 1159 |
| | ) | (consolidated cases) |
| True Temper Corporation, | ) | |
| | ) | |
| Defendant. | ) | Honorable David H. Coar |
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| True Temper Corporation; | ) | |
| Wilson Athletic Goods Mfg. Co., Inc.; | ) | |
| A.G. Spalding & Bros., Inc.; | ) | |
| MacGregor Sport Products, Inc.; and | ) | |
| Hillerich & Bradsby Co., | ) | |
| | ) | |
| Defendants. | ) | |

**UNOPPOSED MOTION OF DEFENDANT TRUE TEMPER SPORTS, INC.
FOR ORDER TERMINATING THE FINAL JUDGMENTS IN THESE CASES**

True Temper Sports, Inc. ("True Temper"), successor to the True Temper Corporation, a defendant in these actions, respectfully moves that this Court terminate the final judgments entered in these consolidated cases. In support of this motion, True Temper states as follows:

1. On August 1, 1959, this Court entered a consent judgment in *United States v. True Temper Corporation*, No. 58 CV 1158 (the "1959 Final Judgment").

2. On August 20, 1961, this Court entered a consent judgment in *United States v. True Temper Corp., et al.*, No. 58 CV 1159 (the "1961 Final Judgment").

3. On April 16, 2008, following discussions with the Department of Justice regarding changes in law and fact since the entry of the 1959 Final Judgment and the 1961 Final Judgment, True Temper filed motions to vacate those final judgments (Docket No. 8 in 58 CV

1158; Docket No. 8 in 58 CV 1159). The United States tentatively consented to those motions pending a period of public comment to assist the United States in its determination of whether it believed vacating the final judgments would be in the public interest.

    4.    On April 25, 2008, this Court consolidated 58 CV 1158 and 58 CV 1159.

    5.    On April 25, 2008, this Court entered its Order Establishing Notice and Public Comment Procedure for the Motion to Terminate the 1959 Final Judgment and 1961 Final Judgment (Docket No. 19). Pursuant to that Order, True Temper and the United States each had obligations to publish notices that True Temper had filed a motion to vacate the 1959 Final Judgment and the 1961 Final Judgment. The Order set the period for public comment at 60 days from the date of the last required publication, after which the United States was to file promptly with the Court all comments it had received. The Order also specified that the Court would not rule upon True Temper's motion until at least 70 days after the date of the last required publication.

    6.    On June 18, 2008, True Temper filed its Notice of Publication with copies of the notices as published (Docket No. 22). Both the United States and True Temper have complied with the publication requirements and the last publication of the required notices was on May 30, 2008. Accordingly, the sixty-day period for public comment expired on July 29, 2008, and the seventy-day period within which the Court will not rule upon True Temper's motion expired on August 8, 2008.

    7.    On July 30, 2008, the United States filed its Certificate of Compliance (Docket No. 26) with this Court's order Establishing Notice and Comment Period, and certified that it had received no comments from the public in response to the notices. The United States also confirmed that it continues to believe that terminating the final judgments is in the public interest.

    8.    This Court has set a status hearing on August 26, 2008, on the motions to terminate the final judgments. True Temper respectfully submits a status hearing may be unnecessary because all parties to this litigation have concluded that terminating the final

judgments is in the public interest and no member of the public has come forth to dispute that conclusion. Of course if the Court prefers to hold a hearing on its motions, True Temper would be pleased to present its arguments in favor of terminating the judgments in a public hearing.

9.    True Temper has discussed this motion with counsel for the United States and is authorized to state that the United States has no objections to terminating the final judgments without further hearing. Indeed, in its Certification of Compliance, the United States suggested that this Court terminate the decrees without further hearings. Similarly, the other defendants do not oppose the motion to enter an order terminating the final judgments.

THEREFORE, True Temper respectfully requests that the Court enter an order terminating the Final Judgment in 58 CV 1158 and terminating the Final Judgment in 58 CV 1159 at the Court's convenience without further hearing.

Dated:  August 8, 2008             Respectfully submitted,

/s/ Phillip C. Zane
Robert E. Hauberg, Jr.
John G. Calender
Phillip C. Zane, Illinois Bar No. 6208254
Baker Donelson, Bearman, Caldwell & Berkowitz, P.C.
555 Eleventh Street, N.W., Sixth Floor
Washington, D.C. 20004
202-508-3400

Attorneys for True Temper Sports, Inc.

CERTIFICATE OF SERVICE

I, Phillip C. Zane, an attorney and a member of the Bar of this Court, hereby certify that on this 8th day of August, 2008, I caused a true and correct copy of the foregoing UNOPPOSED MOTION OF DEFENDANT TRUE TEMPER SPORTS, INC. FOR ORDER TERMINATING THE FINAL JUDGMENTS IN THESE CASES to be served on the following by electronic mail and, with respect to parties having appeared in this case through counsel, to be noticed and served by the Court's ECF system:

*for the United States:*
Frank Vondrak, Esq.
Rosemary S. Thompson, Esq.
Antitrust Division, United States Department of Justice
209 South LaSalle Street, Suite 600
Chicago, Illinois, 60604.

*for Wilson Athletic Good Mfg. Co., Inc.:*
Ray Berens, Esq.
Andre Pabarue, Esq.
Amer Sports North America
8750 W. Bryn Mawr Ave.
Chicago IL 60631

*for Russell Corp.*
*(owner of certain marks once owned by A.G. Spalding & Bros., Inc.):*
Clay Humphries, Esq.
Russell Corp.
755 Lee Street
Alexander City, AL  35010

*for MacGregor Sport Products, Inc.:*
Michael Robbins
COO, MacGregor Golf
MacGregor Sport Products, Inc.
1000 Pecan Grove Dr.
Albany, GA  31710

*for Hillerich & Bradsby Co.:*
Steven H. Lyverse, Esq.
Hillerich & Bradsby Co., Inc.
800 West Main St.
Louisville, KY  40232-5700

/s/ Phillip C. Zane
_____
Phillip C. Zane